_____

| | | |
|---|---|---|
| JOSEPH GODFREY | : | |
| | : | CIVIL ACTION – LAW |
| Plaintiff, | : | |
| vs. | : | |
| | : | |
| WALMART SUPERCENTER, | : | |
| WAL-MART STORES EAST, INC., | : | NO. |
| WAL-MART STORES, INC. | : | |
| WAL-MART, INC. | : | |
| WAL-MART STORES EAST, LP, | : | |
| JOHN DOES 1&2, | : | |
| | : | |
| Defendants. | : | |

_____ :    JURY TRIAL DEMANDED

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, Walmart Super Center, Wal-Mart Stores East, Inc., Wal-Mart Stores, Inc., Wal-Mart, Inc., Wal-Mart Stores East, LP, and John Does 1& 2 (more properly identified as "Wal-Mart Stores East, LP" and hereinafter referred to as "Walmart" or "Defendants"), by and through their counsel, Law Offices of McDonnell & Associates, PC, hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) and remove this action from the Court of Common Pleas of Philadelphia County, February Term, 2022, No. 01606, where it is now pending, to the United States District Court for the Eastern District of Pennsylvania. In support thereof, Defendants aver as follows:

1.    Plaintiff, Joseph Godfrey, initiated this personal injury action by filing a Complaint in the Court of Common Pleas of Philadelphia County on or about February 15, 2022.  See, a true and correct copy of Complaint attached hereto as Exhibit "A."

2.    The Complaint was served on Walmart on February 24, 2022. A true and correct copy of Plaintiff's Affidavit of Service is attached hereto as Exhibit "B."

3.      Defendant filed an Answer with New Matter on March 30, 2022. A true and correct copy of Defendant's Answer with New Matter is attached hereto as Exhibit "C."

4.      In his Complaint, Plaintiff alleges that on or about March 28, 2020, he was a business invitee in a Walmart Store located at 2200 Wheatsheaf Lane, Philadelphia Pennsylvania, when he suffered severe and permanent injuries by reason of coming into contact with a hazardous condition identified as a bunched-up rug that has been placed haphazardly on the floor at the aforementioned premises.  See, Exhibit "A," ¶¶ 20, 25.

5.      Plaintiff alleged that he sustained severe and permanent damages, including but not limited to the following injuries: "low back injury, cervicalgia, left shoulder injury, left hand injury, [and] musculoskeletal injuries." See, Exhibit "A," ¶¶25, 33, 41.

6.      Plaintiff further alleges that he has suffered past and future pain and suffering, past and future mental anguish, past and future humiliation, past and future loss of earnings, physical and/or mental impairment, past and future personal expenses, and past and future medical expenses. See, Exhibit "A," ¶ ¶ 26-29, 34-36, 43-45.

7.      As a result of the severe and permanent damages, Plaintiff alleges that he may continue to suffer severe physical pain, mental anguish and humiliation for an indefinite time in the future. See, Exhibit "A," ¶ 30, 38, 46

8.      Against this factual backdrop, Plaintiff alleges that Defendants were negligent in causing his fall and resulting bodily injuries. See, Exhibit "A," ¶ ¶ 18, 22, 24, 32, 40.

9.      In the Complaint, Plaintiff's *ad damnum* clause sought damages "in an amount *not* in excess of Fifty Thousand Dollars . . ." See Exhibit "A," (emphasis added).

10.      On May 9, 2022, Plaintiff's counsel demanded $150,000 to settle this matter via email. See exhibit "D".

11.     According to 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not

removable, a notice of removal may be filed within thirty days after receipt by the defendant,

through service or otherwise, of a copy of an amended pleading, motion, order or **other paper**

from which it may first be ascertained that the case is one which is or has become removable"

(emphasis added).

12.     This email constitutes an "other paper" that allowed Walmart to ascertain that the case

had become removable under 28 U.S.C. § 1446(b)(3).

13.     On May 26, 2022, Plaintiff's counsel filed a Motion Transfer this matter from the

Arbitration Program to the Major Jury Program, alleging that Plaintiff's damages now exceed

the arbitrational limit of $50,000.  See exhibit "E".

14.     Defendant now timely files this Notice of Removal as the Court has original jurisdiction

over this matter pursuant to 28 U.S.C. §1332(a) because the parties are citizens of different

states and the matter in controversy exceeds $75,000.

15.     Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal contains a "copy of all process,

pleadings, and orders served upon the defendants in this action."

**A.  <u>Plaintiff Is Diverse From The Defendant In This Matter.</u>**

16.     Plaintiff alleges that he is a citizen and resident of the State of Florida, giving an address

of P.O. Box 690603, 90 S. Orlando, Florida. <u>See</u>, Exhibit "A," ¶ 1.

17.     Defendant, Walmart Supercenter is not a recognized legal entity.

18.     Defendant, Wal-Mart Stores East, LLC formerly known as Walmart Stores East Inc., is

an Arkansas limited liability company with its principal place of business located at 702 SW 8th

Street, Bentonville, Arkansas 72716.

19.    Defendant, Walmart Inc., formerly known as Wal-Mart Stores, Inc., is a Delaware corporation with its principal place of business located at 702 SW 8th Street, Bentonville, Arkansas 72716.

20.    Defendant, Wal-Mart, Inc., properly identified as Walmart Inc., is a Delaware corporation with its principal place of business located at 702 SW 8th Street, Bentonville, Arkansas 72716.

21.    Defendant, Wal-Mart Stores East, LP is a Delaware limited partnership with its principal place of business located at 702 SW 8th Street, Bentonville, Arkansas 72716.

22.    Walmart Inc. is the ultimate and sole (100%) owner of Wal-Mart Stores East, LP, through various wholly-owned operating entities as follows: Walmart Inc. (WMI) is the sole (100%) owner of Wal-Mart Stores East, LLC (WMSE), which is an Arkansas limited liability company with its principal place of business in Arkansas. Wal-Mart Stores East, LLC, is the sole (100%) owner of WSE Management, LLC, and WSE Investment, LLC, which are both Delaware limited liability companies whose principal places of business are in Arkansas. WSE Investment, LLC, is the 99% owner and limited partner of Wal-Mart Stores East, LP. WSE Management, LLC, is the 1% owner and general partner of Wal-Mart Stores East, LP. Accordingly, Wal-Mart Stores East, LP, is owned by two Delaware limited companies whose sole owner and shareholder is an Arkansas corporation (WMSE), which in turn is wholly-owned by a Delaware corporation (WMI). For the purposes of diversity of citizenship, Wal-Mart Stores East, LP is a citizen of the States of Arkansas and Delaware.

23.    None of Wal-Mart Stores East, LP's limited or general partners are citizens of the Commonwealth of Pennsylvania or the State of Florida, so the requirements of diversity jurisdiction are satisfied.

24.     Defendant John Does 1&2 are fictitious entities named as Co-Defendants who have no citizenship for purposes of diversity. See 28 U.S.C. § 1441(b)(1).

25.     As set forth above, Defendants are citizens of the States of Delaware and Arkansas.

26.     Defendants are not citizens of the Commonwealth of Pennsylvania or Florida.

27.     Accordingly, Plaintiff is diverse from the named Defendants and the requirements of diversity jurisdiction are satisfied.

**B.     The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs.**

28.     Defendant has reason to believe that Plaintiff's damages exceed $75,000 based upon Plaintiff's Motion to Change the case track from the Arbitration Program to the Major Jury Program, Plaintiff's current medical bills and the possibility of future treatment including surgery.

29.     A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014).

30.     Evidence establishing the amount is required by 28 U.S.C. §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.  *Id.*

31.     Plaintiff is seeking damages consisting of:  1) past and future medical expenses; 2) past and future pain and suffering; and 3) loss of earnings and earning capacity. See Exhibit "A", Compl., ¶¶12-17.

32.     Based on the foregoing, the amount in controversy is in excess of $75,000 exclusive of interest and costs.

33.    This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 because the properly joined parties are citizens of different states and the matter in controversy exceeds $75,000 as set forth herein.

34.    Accordingly, the requirements of 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) are satisfied and the within matter is properly removable.

    **WHEREFORE**, Defendants, Walmart Supercenter, Wal-Mart Stores East, Inc., Wal-Mart Stores, Inc., Wal-Mart, Inc., Wal-Mart Stores East, LP, and John Does 1&2 respectfully request that the State Action be removed from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.


                                MCDONNELL & ASSOCIATES, P.C.


Dated:  June 8, 2022              By:        /s/ *Audrey Westerman*
                                           Audrey Westerman, Esquire
                                           Attorney ID No.: 319287
                                           Patrick J. McDonnell, Esquire
                                           Attorney ID No.: 62310
                                           *Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| JOSEPH GODFREY : | |
| : | CIVIL ACTION – LAW |
| Plaintiff, : | |
| vs. : | |
| : | |
| WALMART SUPERCENTER, : | |
| WAL-MART STORES EAST, INC., : | NO. |
| WAL-MART STORES, INC. : | |
| WAL-MART, INC. : | |
| WAL-MART STORES EAST, LP, : | |
| JOHN DOES 1&2, : | |
| : | |
| Defendants. : | |
| : | JURY TRIAL DEMANDED |

---

## CERTIFICATE OF SERVICE

I, Audrey Westerman, Esquire hereby certify that on the 8th of June, 2022, a true and correct copy Defendants' Notice of Removal was served via email upon the following:

Benjamin C. Hoffman, Esquire
Clearfield & Kofsky
1617 John F. Kennedy Boulevard, Suite 355
Philadelphia, PA 19103
*Attorney for Plaintiff*

MCDONNELL & ASSOCIATES, P.C.

Dated: June 8, 2022                     By:     /s/ *Audrey Westerman*

Audrey Westerman, Esquire
*Attorney for Defendants*

# EXHIBIT "A"

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd. 5th fl. at 09:15 AM - 12/12/2022

You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the other parties. There is no right to a trial denovo on appeal from a decision entered by a judge.

THIS IS AN ARBITRATION MATTER
ASSESSMENT OF DAMAGES HEARING
IS REQUIRED.

*Filed and Attested by the*
*Office of Judicial Records*
*15 FEB 2022 10:18 am*
*S. RICE*

CLEARFIELD & KOFSKY
By:  Benjamin C. Hoffman, Esquire
Identification No.: 311628
Suburban Station Building - Suite 355
1617 JFK Boulevard
Philadelphia, PA  19103
(215) 563-6333

Attorney for Plaintiff

| | | |
|---|---|---|
| JOSEPH GODFREY<br>P.O. Box 690603<br>Orlando, FL 32869<br>v. | : <br> : <br> : <br> : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>FEBRUARY TERM, 2022<br>NO. |
| WALMART SUPERCENTER<br>2200 Wheatsheaf Lane<br>Philadelphia, PA 19137<br>     and<br>WALMART STORES EAST INC. c/o<br>CT CORPORATION SYSTEM<br>600 N. 2nd Street-Suite 401<br>Harrisburg, PA 17101<br>     and<br>WALMART STORES INC. c/o<br>CT CORPORATION SYSTEM<br>600 N. 2nd Street-Suite 401<br>Harrisburg, PA 17101<br>Continued on next page | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | |

## COMPLAINT IN CIVIL ACTION
### (Code 2S- Premises Liability-Slip and Fall)

| NOTICE | AVISO |
|---|---|
| "You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.<br><br>**PHILADELPHIA BAR ASSOCIATION**<br>**LAWYER REFERRAL & INFORMATION SERVICE**<br>**One Reading Center**<br>**Philadelphia, PA 19107**<br>**(215) 238-1701** | "Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br><br>"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.<br><br>**ASOCIACION DE LICENCIADOS DE FILADELFIA**<br>**SERVICIO DE REFERENCIA E INFORMACION LEGAL**<br>**One Reading Center**<br>**Filadelfia, Pensa. 19107**<br>**Teléfono: (215) 238-1701** |

Case ID: 220201606

WALMART INC. c/o
CT CORPORATION SYSTEM                    :
600 N. 2nd Street-Suite 401              :
Harrisburg, PA 17101                     :
     And                                  :
WALMART STORES EAST LP. c/o              :
CT CORPORATION SYSTEM                    :
600 N. 2nd Street-Suite 401              :
Harrisburg, PA 17101                     :
     And                                  :
JOHN DOES 1& 2                           :

## GENERAL AVERMENTS

1.     Plaintiff, Joseph Godfrey, is an adult individual who resides at the above-captioned address.

2.     Defendant, Walmart Supercenter, is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint.

3.     Defendant, Walmart Stores East Inc. (hereinafter referred to as "Walmart East Inc."), is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint.

4.     Defendant, Walmart Stores Inc., is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint.

-2-

Case ID: 220201606

5.      Defendant, Walmart Inc., is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint.

6.      Defendant, Walmart Stores East LP. (hereinafter referred to as "Walmart East LP."), is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint.

7.      Defendant, John Doe 1, a fictitious designation is currently an unknown party.

8.      Upon information and belief, Defendant, John Doe 1, is that of a property manager/management company.

9.      Upon information and belief, Defendant, John Doe 1, potentially had responsibility for maintaining the premises.

10.     The identity of Defendant, John Doe 1, is unknown after a reasonable search with due diligence.

11.     Defendant, John Doe 2, a fictitious designation is currently an unknown party.

12.     Upon information and belief, Defendant, John Doe 2, is that of a contractor.

13.     Upon information and belief, Defendant, John Doe 2, potentially had responsibility for maintaining the premises.

14.     The identity of Defendant, John Doe 2, is unknown after a reasonable search with due diligence.

-3-

Case ID: 220201606

15.    Defendants Walmart Stores Inc and/or Walmart Inc. and/or Walmart East stores LP. regularly conducted business in Philadelphia County.

16.    At all times material hereto, Defendants did own and/or manage and/or operate and/or control and/or possess the Walmart Supercenter including the floors located at 2200 Wheatsheaf Lane.

17.    At all times material hereto, Defendants acted or failed to act by and through their agents, servants, workmen and/or employees who were then and there acting within the scope of their authority and course of their employment with Defendants, in furtherance of Defendants' businesses and on behalf of Defendants.

18.    On or about March 28, 2020, and for some time prior thereto, Defendants acting by and through its agents, servants, workmen and/or employees, acting as aforesaid, carelessly and negligently allowed a dangerous and defective condition, to wit: an elevated and/or raised and/or bunched rug and/or carpet was permitted to exist and remain on the floor at the aforementioned premises, for an unreasonable period of time.

19.    On or about March 28, 2020, Plaintiff, Joseph Godfrey, was a business invitee at the aforesaid location.

20.    Plaintiff suffered injury by reason of coming in contact with the aforementioned dangerous and defective condition at the aforesaid location, causing Plaintiff the injuries that form the basis for this action.

21.    Said Defendants were responsible for the proper maintenance of the premises, floors and safety of business invitees on their premises.

22.    The aforesaid accident was due solely to the negligence and carelessness of the Defendants, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

-4-

Case ID: 220201606

## COUNT I
## PLAINTIFF, JOSEPH GODFREY v. DEFENDANTS, WALMART SUPERCENTER, WALMART, EAST INC., WALMART STORES INC., WALMART INC & WALMART EAST LP., ONLY

23.    Plaintiff, Joseph Godfrey, incorporates by reference hereto, all of the allegations contained in the General Averments, as if they were set forth at length herein.

24.    The negligence and carelessness of the Defendants, acting as aforesaid, consisted of the following:

(a)    allowing and/or causing a dangerous and defective condition to exist on the floor at the aforesaid location, of which Defendants knew or should have known by the exercise of reasonable care;

(b)    failing to give warning or notice of the defective condition;

(c)    failing to inspect floor and/or rugs and/or mats at reasonable intervals to determine the condition thereof;

(d)    failing to ensure rugs and/or mats were secure to prevent a tripping hazard;

(e)    failing to provide Plaintiff with a safe and adequate passageway;

(f)    failing to hire competent contractors to perform proper and routine maintenance to ensure all rugs and/or mats were installed properly and preventive maintenance to ensure rugs and/or mats did not become bunched or loose or frayed;

(g)    permitting a highly dangerous condition to exist for an unreasonable length of time;

(h)    failing to maintain the premises in a safe way;

(i)    allowing the rugs and/or mats to become loose or frayed; and

-5-

Case ID: 220201606

(j)    in being otherwise careless and negligent, the particulars of which are presently unknown to Plaintiff, but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure or which may be learned at the trial of this case.

25.    As a result of this accident, Plaintiff, Joseph Godfrey, has suffered injuries which are or may be serious and permanent in nature, including, but not limited to the following injuries: low back injury, cervicalgia, left shoulder injury, left hand injury, musculoskeletal injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

26.    As a further result of this accident, Plaintiff, Joseph Godfrey, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

27.    As a further result of this accident, Plaintiff, Joseph Godfrey, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

28.    As a further result of this accident, Plaintiff, Joseph Godfrey, has suffered medically determinable physical and/or mental impairment, which prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the Plaintiff's usual and customary activities prior to the accident.

29.    As a direct and reasonable result of the aforementioned accident, Plaintiff, Joseph Godfrey, has or may hereafter incur other financial expenses, which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

Case ID: 220201606

30.    As a further result of the aforementioned accident, Plaintiff, Joseph Godfrey, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Joseph Godfrey, demands judgment against the Defendants, jointly and/or severally, for damages, in an amount not in excess of the arbitration limits, plus interest and costs.

## COUNT II
### PLAINTIFF, JOSEPH GODFREY v. DEFENDANT, JOHN DOE 1 (property manager/management company), ONLY

31.    Plaintiff, Joseph Godfrey, incorporates by reference hereto, all of the allegations contained in the General Averments and Count I, as if they were set forth at length herein.

32.    The negligence and carelessness of the Defendants, acting as aforesaid, consisted of the following:

(a)    allowing and/or causing a dangerous and defective condition to exist on the floor at the aforesaid location, of which Defendants knew or should have known by the exercise of reasonable care;

(b)    failing to give warning or notice of the defective condition;

(c)    failing to inspect floor and/or rugs and/or mats at reasonable intervals to determine the condition thereof;

(d)    failing to ensure rugs and/or mats were secure to prevent a tripping hazard;

(e)    failing to provide Plaintiff with a safe and adequate passageway;

(f)    failing to hire competent contractors to perform proper and routine maintenance to ensure all rugs and/or mats were installed properly and

Case ID: 220201606

preventive maintenance to ensure rugs and/or mats did not become bunched or loose or frayed;

(g)    permitting a highly dangerous condition to exist for an unreasonable length of time;

(h)    failing to maintain the premises in a safe way;

(i)    allowing the rugs and/or mats to become loose or frayed; and

(j)    in being otherwise careless and negligent, the particulars of which are presently unknown to Plaintiff, but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure or which may be learned at the trial of this case.

33.    As a result of this accident, Plaintiff, Joseph Godfrey, has suffered injuries which are or may be serious and permanent in nature, including, but not limited to the following injuries: low back injury, cervicalgia, left shoulder injury, left hand injury, musculoskeletal injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

34.    As a further result of this accident, Plaintiff, Joseph Godfrey, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

35.    As a further result of this accident, Plaintiff, Joseph Godfrey, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

36.    As a further result of this accident, Plaintiff, Joseph Godfrey, has suffered medically determinable physical and/or mental impairment, which prevents the Plaintiff from performing all

-8-

Case ID: 220201606

or substantially all of the material acts and duties that constituted the Plaintiff's usual and customary activities prior to the accident.

37.    As a direct and reasonable result of the aforementioned accident, Plaintiff, Joseph Godfrey, has or may hereafter incur other financial expenses, which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

38.    As a further result of the aforementioned accident, Plaintiff, Joseph Godfrey, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Joseph Godfrey, demands judgment against the Defendants, jointly and/or severally, for damages, in an amount not in excess of the arbitration limits, plus interest and costs.

### COUNT III
### PLAINTIFF, JOSEPH GODFREY v.  DEFENDANT, JOHN DOE 2 (contractor), ONLY

39.    Plaintiff, Joseph Godfrey, incorporates by reference hereto, all of the allegations contained in the General Averments and Counts I and II, as if they were set forth at length herein.

40.    The negligence and carelessness of the Defendants, acting as aforesaid, consisted of the following:

    (a)    allowing and/or causing a dangerous and defective condition to exist on the floor at the aforesaid location, of which Defendants knew or should have known by the exercise of reasonable care;

    (b)    failing to give warning or notice of the defective condition;

    (c)    failing to inspect floor and/or rugs and/or mats at reasonable intervals to determine the condition thereof;

    (d)    failing to ensure rugs and/or mats were secure to prevent a tripping hazard;

-9-

Case ID: 220201606

(e)    failing to provide Plaintiff with a safe and adequate passageway;

(f)    failing to perform proper and routine maintenance to ensure all rugs and/or mats were installed properly and preventive maintenance to ensure rugs and/or mats did not become bunched or loose or frayed;

(g)    permitting a highly dangerous condition to exist for an unreasonable length of time;

(h)    failing to maintain the premises in a safe way;

(i)    allowing the rugs and/or mats to become loose or frayed; and

(j)    in being otherwise careless and negligent, the particulars of which are presently unknown to Plaintiff, but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure or which may be learned at the trial of this case.

41.    As a result of this accident, Plaintiff, Joseph Godfrey, has suffered injuries which are or may be serious and permanent in nature, including, but not limited to the following injuries: low back injury, cervicalgia, left shoulder injury, left hand injury, musculoskeletal injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

42.    As a further result of this accident, Plaintiff, Joseph Godfrey, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

43.    As a further result of this accident, Plaintiff, Joseph Godfrey, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

-10-

44.    As a further result of this accident, Plaintiff, Joseph Godfrey, has suffered medically determinable physical and/or mental impairment, which prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the Plaintiff's usual and customary activities prior to the accident.

45.    As a direct and reasonable result of the aforementioned accident, Plaintiff, Joseph Godfrey, has or may hereafter incur other financial expenses, which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

46.    As a further result of the aforementioned accident, Plaintiff, Joseph Godfrey, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Joseph Godfrey, demands judgment against the Defendants, jointly and/or severally, for damages, in an amount not in excess of the arbitration limits, plus interest and costs.

CLEARFIELD & KOFSKY

BY: _____
      BENJAMIN C. HOFFMAN, ESQUIRE
      **Attorney for Plaintiff, Joseph Godfrey**

-11-

Case ID: 220201606

## VERIFICATION

I, Benjamin C. Hoffman, Esquire, hereby verify that I am the attorney in the attached complaint and that the facts set forth herein are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are subject to the penalties of Title 18 Pa. C.S.A. Section 4904 relating to unsworn falsifications to authorities.

BENJAMIN C. HOFFMAN, ESQUIRE

# EXHIBIT "B"

**CLEARFIELD & KOFSKY**
BY:  BENJAMIN C. HOFFMAN, ESQUIRE
Identification Number: 311628
1617 John F. Kennedy Boulevard, Suite 355
Philadelphia, PA 19103
215-563-6333

*Filed and Attested by the
Attorney for Plaintiff Records
03 MAR 2022 04:46 pm
S. RICE*

| | |
|---|---|
| JOSEPH GODFREY | : COURT OF COMMON PLEAS |
| | : PHILADELPHIA COUNTY |
| v. | : |
| | : FEBRUARY TERM, 2022 |
| WALMART SUPERCENTER, WALMART | : NO. 1606 |
| STORES EAST INC, WALMART STORES | : |
| INC., WALMART INC, WALMART | : |
| WALMART STORES EAST LP and | : |
| JOHN DOES 1 & 2 | : |

## <u>AFFIDAVIT OF SERVICE OF COMPLAINT</u>

I, Benjamin C. Hoffman, Esquire, hereby certify that a copy of Plaintiff's

Complaint in Civil Action was served upon Defendant, **Walmart Inc.** on February 24,

2022, by the Dauphin County Sheriff's Department A true and correct copy of the

sheriff's service return is attached hereto.

**CLEARFIELD & KOFSKY**

BY: _/s/ Benjamin C. Hoffman_
        BENJAMIN C. HOFFMAN, ESQUIRE

# SHERIFF'S OFFICE OF DAUPHIN COUNTY

**Nicholas Chimienti, Jr.**
*Sheriff*

**David B. Dowling**
*Solicitor*

**Jack Duignan**
*Chief Deputy*

**David E. Olweiler**
*Asst. Chief / Real Estate Deputy*

JOSEPH GODFREY
vs.
WALMART STORES EAST, INC. (et al.)

**Case Number**
2022-T-0417

## SHERIFF'S RETURN OF SERVICE

02/22/2022   CASE # 220201606

02/22/2022   Advance Fee

02/24/2022   09:24 AM - DEPUTY KODY IERLEY, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THE COMPLAINT IN CIVIL ACTION (CICA) WAS SERVED TO LINDSEY FAULKNER, INTAKE SPECIALIST, WHO ACCEPTED AS ADULT IN CHARGE AT THE TIME OF SERVICE TO WIT, WALMART STORES INC. AT C/O CT CORP, 600 N 2ND STREET, SUITE 401, HARRISBURG, PA 17101.

*KODY IERLEY, DEPUTY*

02/24/2022   09:24 AM - DEPUTY KODY IERLEY, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THE COMPLAINT IN CIVIL ACTION (CICA) WAS SERVED TO LINDSEY FAULKNER, INTAKE SPECIALIST, WHO ACCEPTED AS ADULT IN CHARGE AT THE TIME OF SERVICE TO WIT, WALMART STORES EAST LP AT C/O CT CORP, 600 N 2ND STREET, SUITE 401, HARRISBURG, PA 17101.

*KODY IERLEY, DEPUTY*

02/24/2022   09:24 AM - DEPUTY KODY IERLEY, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THE COMPLAINT IN CIVIL ACTION (CICA) WAS SERVED TO LINDSEY FAULKNER, INTAKE SPECIALIST, WHO ACCEPTED AS ADULT IN CHARGE AT THE TIME OF SERVICE TO WIT, WALMART STORES EAST, INC. AT C/O CT CORP, 600 N 2ND STREET, SUITE 401, HARRISBURG, PA 17101.

*KODY IERLEY, DEPUTY*

02/24/2022   09:24 AM - DEPUTY KODY IERLEY, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THE COMPLAINT IN CIVIL ACTION (CICA) WAS SERVED TO LINDSEY FAULKNER, INTAKE SPECIALIST, WHO ACCEPTED AS ADULT IN CHARGE AT THE TIME OF SERVICE TO WIT, WALMART INC. AT C/O CT CORP, 600 N 2ND STREET, SUITE 401, HARRISBURG, PA 17101.

*KODY IERLEY, DEPUTY*

SHERIFF COST: $99.00

SO ANSWERS,

February 28, 2022

NICHOLAS CHIMIENTI, JR., SHERIFF

Case ID: 220201606

**CLEARFIELD & KOFSKY**
BY:   BENJAMIN C. HOFFMAN, ESQUIRE
Identification Number: 311628
1617 John F. Kennedy Boulevard, Suite 355
Philadelphia, PA 19103
215-563-6333

*Filed and Attested by the*
*Office of Judicial Records*
*03 MAR 2022 04:41 pm*
*I. LOWELL*

| | |
|---|---|
| JOSEPH GODFREY | : COURT OF COMMON PLEAS |
| | : PHILADELPHIA COUNTY |
| v. | : |
| | : FEBRUARY TERM, 2022 |
| WALMART SUPERCENTER, WALMART | : NO. 1606 |
| STORES EAST INC, WALMART STORES | : |
| INC., WALMART INC, WALMART | : |
| WALMART STORES EAST LP and | : |
| JOHN DOES 1 & 2 | : |

## AFFIDAVIT OF SERVICE OF COMPLAINT

I, Benjamin C. Hoffman, Esquire, hereby certify that a copy of Plaintiff's
Complaint in Civil Action was served upon Defendant, **Walmart Stores East Inc.** on
February 24, 2022, by the Dauphin County Sheriff's Department A true and correct copy
of the sheriff's service return is attached hereto.

**CLEARFIELD & KOFSKY**

BY: */s/ Benjamin C. Hoffman*

BENJAMIN C. HOFFMAN, ESQUIRE

# SHERIFF'S OFFICE OF DAUPHIN COUNTY

**Nicholas Chimienti, Jr.**
*Sheriff*

**Jack Duignan**
*Chief Deputy*

**David B. Dowling**
*Solicitor*

**David E. Olweiler**
*Asst. Chief / Real Estate Deputy*

| JOSEPH GODFREY | **Case Number** |
|---|---|
| vs. | 2022-T-0417 |
| WALMART STORES EAST, INC. (et al.) | |

## SHERIFF'S RETURN OF SERVICE

02/22/2022    CASE # 220201606

02/22/2022    Advance Fee

02/24/2022    09:24 AM - DEPUTY KODY IERLEY, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THE COMPLAINT IN CIVIL ACTION (CICA) WAS SERVED TO LINDSEY FAULKNER, INTAKE SPECIALIST, WHO ACCEPTED AS ADULT IN CHARGE AT THE TIME OF SERVICE TO WIT, WALMART STORES INC. AT C/O CT CORP, 600 N 2ND STREET, SUITE 401, HARRISBURG, PA 17101.

*KODY IERLEY, DEPUTY*

02/24/2022    09:24 AM - DEPUTY KODY IERLEY, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THE COMPLAINT IN CIVIL ACTION (CICA) WAS SERVED TO LINDSEY FAULKNER, INTAKE SPECIALIST, WHO ACCEPTED AS ADULT IN CHARGE AT THE TIME OF SERVICE TO WIT, WALMART STORES EAST LP AT C/O CT CORP, 600 N 2ND STREET, SUITE 401, HARRISBURG, PA 17101.

*KODY IERLEY, DEPUTY*

02/24/2022    09:24 AM - DEPUTY KODY IERLEY, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THE COMPLAINT IN CIVIL ACTION (CICA) WAS SERVED TO LINDSEY FAULKNER, INTAKE SPECIALIST, WHO ACCEPTED AS ADULT IN CHARGE AT THE TIME OF SERVICE TO WIT, WALMART STORES EAST, INC. AT C/O CT CORP, 600 N 2ND STREET, SUITE 401, HARRISBURG, PA 17101.

*KODY IERLEY, DEPUTY*

02/24/2022    09:24 AM - DEPUTY KODY IERLEY, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THE COMPLAINT IN CIVIL ACTION (CICA) WAS SERVED TO LINDSEY FAULKNER, INTAKE SPECIALIST, WHO ACCEPTED AS ADULT IN CHARGE AT THE TIME OF SERVICE TO WIT, WALMART INC. AT C/O CT CORP, 600 N 2ND STREET, SUITE 401, HARRISBURG, PA 17101.

*KODY IERLEY, DEPUTY*

SHERIFF COST: $99.00

SO ANSWERS,

NICHOLAS CHIMIENTI, JR., SHERIFF

February 28, 2022

Case ID: 220201606

**CLEARFIELD & KOFSKY**
BY:   BENJAMIN C. HOFFMAN, ESQUIRE
Identification Number: 311628
1617 John F. Kennedy Boulevard, Suite 355
Philadelphia, PA 19103
215-563-6333

Filed and Attested by the
Office of Judicial Records
03 MAR 2022 04:51 pm
S. RICE

| | |
|---|---|
| JOSEPH GODFREY | : COURT OF COMMON PLEAS |
| | : PHILADELPHIA COUNTY |
| v. | : |
| | : FEBRUARY TERM, 2022 |
| WALMART SUPERCENTER, WALMART | : NO. 1606 |
| STORES EAST INC, WALMART STORES | : |
| INC., WALMART INC, WALMART | : |
| WALMART STORES EAST LP and | : |
| JOHN DOES 1 & 2 | : |

## AFFIDAVIT OF SERVICE OF COMPLAINT

I, Benjamin C. Hoffman, Esquire, hereby certify that a copy of Plaintiff's
Complaint in Civil Action was served upon Defendant, **Walmart Stores East LP.** on
February 24, 2022, by the Dauphin County Sheriff's Department A true and correct copy
of the sheriff's service return is attached hereto.

**CLEARFIELD & KOFSKY**

BY: _/s/ Benjamin C. Hoffman_
    BENJAMIN C. HOFFMAN, ESQUIRE

# SHERIFF'S OFFICE OF DAUPHIN COUNTY

**Nicholas Chimienti, Jr.**
*Sheriff*

**Jack Duignan**
*Chief Deputy*

**David B. Dowling**
*Solicitor*

**David E. Olweiler**
*Asst. Chief / Real Estate Deputy*

JOSEPH GODFREY
vs.
WALMART STORES EAST, INC. (et al.)

**Case Number**
2022-T-0417

## SHERIFF'S RETURN OF SERVICE

02/22/2022    CASE # 220201606

02/22/2022    Advance Fee

02/24/2022    09:24 AM - DEPUTY KODY IERLEY, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THE COMPLAINT IN CIVIL ACTION (CICA) WAS SERVED TO LINDSEY FAULKNER, INTAKE SPECIALIST, WHO ACCEPTED AS ADULT IN CHARGE AT THE TIME OF SERVICE TO WIT, WALMART STORES INC. AT C/O CT CORP, 600 N 2ND STREET, SUITE 401, HARRISBURG, PA 17101.

KODY IERLEY, DEPUTY

02/24/2022    09:24 AM - DEPUTY KODY IERLEY, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THE COMPLAINT IN CIVIL ACTION (CICA) WAS SERVED TO LINDSEY FAULKNER, INTAKE SPECIALIST, WHO ACCEPTED AS ADULT IN CHARGE AT THE TIME OF SERVICE TO WIT, WALMART STORES EAST LP AT C/O CT CORP, 600 N 2ND STREET, SUITE 401, HARRISBURG, PA 17101.

KODY IERLEY, DEPUTY

02/24/2022    09:24 AM - DEPUTY KODY IERLEY, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THE COMPLAINT IN CIVIL ACTION (CICA) WAS SERVED TO LINDSEY FAULKNER, INTAKE SPECIALIST, WHO ACCEPTED AS ADULT IN CHARGE AT THE TIME OF SERVICE TO WIT, WALMART STORES EAST, INC. AT C/O CT CORP, 600 N 2ND STREET, SUITE 401, HARRISBURG, PA 17101.

KODY IERLEY, DEPUTY

02/24/2022    09:24 AM - DEPUTY KODY IERLEY, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THE COMPLAINT IN CIVIL ACTION (CICA) WAS SERVED TO LINDSEY FAULKNER, INTAKE SPECIALIST, WHO ACCEPTED AS ADULT IN CHARGE AT THE TIME OF SERVICE TO WIT, WALMART INC. AT C/O CT CORP, 600 N 2ND STREET, SUITE 401, HARRISBURG, PA 17101.

KODY IERLEY, DEPUTY

SHERIFF COST: $99.00

SO ANSWERS,

February 28, 2022

NICHOLAS CHIMIENTI, JR., SHERIFF

Case ID: 220201606

**CLEARFIELD & KOFSKY**
BY:  BENJAMIN C. HOFFMAN, ESQUIRE
Identification Number: 311628
1617 John F. Kennedy Boulevard, Suite 355
Philadelphia, PA 19103
215-563-6333

| | |
|---|---|
| JOSEPH GODFREY | : COURT OF COMMON PLEAS |
| | : PHILADELPHIA COUNTY |
| v. | : |
| | : FEBRUARY TERM, 2022 |
| WALMART SUPERCENTER, WALMART | : NO. 1606 |
| STORES EAST INC, WALMART STORES | : |
| INC., WALMART INC, WALMART | : |
| WALMART STORES EAST LP and | : |
| JOHN DOES 1 & 2 | : |

*Filed and Attested by the
Office of Judicial Records
03 MAR 2022 04:44 pm
A. STAMATO*

## AFFIDAVIT OF SERVICE OF COMPLAINT

I, Benjamin C. Hoffman, Esquire, hereby certify that a copy of Plaintiff's Complaint in Civil Action was served upon Defendant, **Walmart Stores Inc.** on February 24, 2022, by the Dauphin County Sheriff's Department A true and correct copy of the sheriff's service return is attached hereto.

**CLEARFIELD & KOFSKY**

BY: /s/ Benjamin C. Hoffman
BENJAMIN C. HOFFMAN, ESQUIRE

Case ID: 220201606

# SHERIFF'S OFFICE OF DAUPHIN COUNTY

**Nicholas Chimienti, Jr.**
*Sheriff*

**Jack Duignan**
*Chief Deputy*

**David B. Dowling**
*Solicitor*

**David E. Olweiler**
*Asst. Chief / Real Estate Deputy*

| | |
|---|---|
| JOSEPH GODFREY<br>vs.<br>WALMART STORES EAST, INC. (et al.) | **Case Number**<br>2022-T-0417 |

## SHERIFF'S RETURN OF SERVICE

02/22/2022    CASE # 220201606

02/22/2022    Advance Fee

02/24/2022    09:24 AM - DEPUTY KODY IERLEY, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THE COMPLAINT IN CIVIL ACTION (CICA) WAS SERVED TO LINDSEY FAULKNER, INTAKE SPECIALIST, WHO ACCEPTED AS ADULT IN CHARGE AT THE TIME OF SERVICE TO WIT, WALMART STORES INC. AT C/O CT CORP, 600 N 2ND STREET, SUITE 401, HARRISBURG, PA 17101.

KODY IERLEY, DEPUTY

02/24/2022    09:24 AM - DEPUTY KODY IERLEY, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THE COMPLAINT IN CIVIL ACTION (CICA) WAS SERVED TO LINDSEY FAULKNER, INTAKE SPECIALIST, WHO ACCEPTED AS ADULT IN CHARGE AT THE TIME OF SERVICE TO WIT, WALMART STORES EAST LP AT C/O CT CORP, 600 N 2ND STREET, SUITE 401, HARRISBURG, PA 17101.

KODY IERLEY, DEPUTY

02/24/2022    09:24 AM - DEPUTY KODY IERLEY, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THE COMPLAINT IN CIVIL ACTION (CICA) WAS SERVED TO LINDSEY FAULKNER, INTAKE SPECIALIST, WHO ACCEPTED AS ADULT IN CHARGE AT THE TIME OF SERVICE TO WIT, WALMART STORES EAST, INC. AT C/O CT CORP, 600 N 2ND STREET, SUITE 401, HARRISBURG, PA 17101.

KODY IERLEY, DEPUTY

02/24/2022    09:24 AM - DEPUTY KODY IERLEY, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THE COMPLAINT IN CIVIL ACTION (CICA) WAS SERVED TO LINDSEY FAULKNER, INTAKE SPECIALIST, WHO ACCEPTED AS ADULT IN CHARGE AT THE TIME OF SERVICE TO WIT, WALMART INC. AT C/O CT CORP, 600 N 2ND STREET, SUITE 401, HARRISBURG, PA 17101.

KODY IERLEY, DEPUTY

SHERIFF COST: $99.00

SO ANSWERS,

February 28, 2022

NICHOLAS CHIMIENTI, JR., SHERIFF

Case ID: 220201606

# EXHIBIT "C"

282.293

**MCDONNELL & ASSOCIATES, P.C.**
By: Patrick J. McDonnell, Esquire
Attorney I.D. No. 62310
Email: pmcdonnell@mcda-law.com
By: Chantal B. Norman, Esquire
Attorney I.D. No.: 327625
Email: cnorman@mcda-law.com
500 Route 70 West
Cherry Hill, NJ 08002
Telephone – (856) 429-5300
Facsimile – (856) 310-7900

| | |
|---|---|
| **To Plaintiff**: You are hereby notified to plead to the enclosed New Matter within twenty (20) days of service or judgment may be entered against you. | *Filed and Attested by the Office of Judicial Records 30 MAR 2022 01:48 pm E. HAURIN* |

*/s/ Chantal B. Norman*
_____
Chantal B. Norman, Esquire
*Attorney for Walmart Defendants*

*Attorneys for Walmart Defendants*

| | | |
|---|---|---|
| JOSEPH GODFREY | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY, PA |
| Plaintiff, | : | |
| vs. | : | |
| | : | |
| WALMART SUPERCENTER, | : | |
| WAL-MART STORES EAST, INC., | : | |
| WAL-MART STORES, INC. | : | FEBRUARY TERM, 2022 |
| WAL-MART, INC. | : | NO. 01606 |
| WAL-MART STORES EAST, LP, | : | |
| JOHN DOES 1&2, | : | |
| | : | |
| Defendants. | : | |
| | : | JURY TRIAL DEMANDED |

## DEFENDANTS, WALMART SUPERCENTER, WAL-MART STORES EAST, INC., WAL-MART STORES, INC., WAL-MART, INC., AND WAL-MART STORES EAST, LP'S ANSWER TO PLAINTIFF'S COMPLAINT WITH NEW MATTER

Defendants, Walmart Supercenter, Wal-Mart Stores East, Inc., Wal-Mart Stores, Inc., Wal-Mart, Inc., and Wal-Mart Stores East, LP (hereinafter collectively referred to as "Walmart"), by and through their counsel, McDonnell & Associates, P.C., hereby respond to Plaintiff's Complaint, generally deny the allegations of Plaintiff's Complaint pursuant to Pennsylvania Rule of Civil Procedure 1029(e), and assert their New Matter as follows:

1.      Denied. Walmart denies these averments as they make no allegations against it.

2.      Walmart Supercenter is not a recognized legal entity.

3.      Denied.  Wal-Mart Stores East, LLC, formerly known as Walmart Stores East Inc., is an Arkansas limited liability company with its principal place of business located at 702 SW 8th Street, Bentonville, Arkansas 72716. The remaining allegations in this paragraph are generally denied pursuant to Rule 1029(e).

4.      Denied. Walmart Inc., formerly known as Wal-Mart Stores, Inc., is a Delaware corporation with its principal place of business located at 702 SW 8th Street, Bentonville, Arkansas 72716. The remaining allegations in this paragraph are generally denied pursuant to Rule 1029(e).

5.      Denied. Walmart Inc. is a Delaware corporation with its principal place of business located at 702 SW 8th Street, Bentonville, Arkansas 72716. The remaining allegations in this paragraph are generally denied pursuant to Rule 1029(e).

6.      Denied. Wal-Mart Stores East, LP is a Delaware limited partnership with its principal place of business located at 702 SW 8th Street, Bentonville, Arkansas 72716. The remaining allegations in this paragraph are generally denied pursuant to Rule 1029(e).

7.      Denied. Walmart denies these averments as they make no allegations against it.

8.      Denied. Walmart need not answer these averments as they are directed toward another party.

9.      Denied. Walmart need not answer these averments as they are directed toward another party.

10.     Denied. Walmart need not answer these averments as they are directed toward another party.

11.     Denied. Walmart denies these averments as they make no allegations against it.

12.     Denied. Walmart need not answer these averments as they are directed toward another party.

13.     Denied. Walmart need not answer these averments as they are directed toward another party.

14.     Denied. Walmart need not answer these averments as they are directed toward another party.

15.     Admitted in part and denied in part. It is admitted only that Defendant Wal-Mart Stores East, LP operates retail stores in the Philadelphia region. The remaining allegations in this paragraph are generally denied pursuant to Rule 1029(e).

16.     Admitted in part and denied in part. It is admitted only that Defendant Wal-Mart Stores East, LP operated the Walmart Store located at 2200 Wheatsheaf Lane in Philadelphia, Pennsylvania at all material times. The remaining allegations in this paragraph are denied.

17.     Denied. After reasonable investigation, Walmart is unable to answer averments regarding unnamed agents, servants, workmen and/or employees; these allegations are therefore denied pursuant to Rule 1029(e).

18.     Denied. After reasonable investigation, Walmart is unable to answer averments regarding unnamed agents, servants, workmen and/or employees; these allegations are therefore denied. The remaining allegations in this paragraph are generally denied pursuant to Rule 1029(e).

19.     Admitted in part and denied in part. It is admitted only that Plaintiff was at 2200 Wheatsheaf Lane in Philadelphia, Pennsylvania on the date averred. The remaining allegations in this paragraph are generally denied pursuant to Rule 1029(e).

20.     Denied. The allegations in this paragraph are generally denied pursuant to Rule 1029(e).

21.     Denied. The allegations in this paragraph are generally denied pursuant to Rule 1029(e).

22.    Denied. The allegations in this paragraph are generally denied pursuant to Rule 1029(e).

## COUNT I
## PLAINTIFF, JOSEPH GODFREY v. DEFENDANTS, WALMART SUPERCENTER, WAL-MART STORES EAST INC., WAL-MART STORES INC., WAL-MART INC., AND WAL-MART STORES EAST, LP ONLY

23.    Walmart hereby incorporates by reference the preceding paragraphs as though set forth at length herein.

24.    (a) – (i). Denied. The allegations in this paragraph, and its subparts, are generally denied pursuant to Rule 1029(e).

25.    Denied. The allegations in this paragraph are generally denied pursuant to Rule 1029(e).

26.    Denied. The allegations in this paragraph are generally denied pursuant to Rule 1029(e).

27.    Denied. The allegations in this paragraph are generally denied pursuant to Rule 1029(e).

28.    Denied. The allegations in this paragraph are generally denied pursuant to Rule 1029(e).

29.    Denied. The allegations in this paragraph are generally denied pursuant to Rule 1029(e).

30.    Denied. The allegations in this paragraph are generally denied pursuant to Rule 1029(e).

**WHEREFORE,** Defendants, Walmart Supercenter, Wal-Mart Stores East, Inc., Wal-Mart Stores, Inc., Wal-Mart, Inc., and Wal-Mart Stores East, LP hereby demand judgment in their favor and against Plaintiff, together with costs and attorneys' fees in this matter.

## COUNT II
## PLAINTIFF, JOSEPH GODFREY v. DEFENDANT JOHN DOE #1 (property manager/management company) ONLY

31.    Walmart hereby incorporates by reference the preceding paragraphs as though set forth at length herein.

32.    (a) – (j). Denied. Walmart need not answer these averments as they are directed toward another party.

33.    Denied. Walmart need not answer these averments as they are directed toward another party.

34.    Denied. Walmart need not answer these averments as they are directed toward another party.

35.    Denied. Walmart need not answer these averments as they are directed toward another party.

36.    Denied. Walmart need not answer these averments as they are directed toward another party.

37.    Denied. Walmart need not answer these averments as they are directed toward another party.

38.    Denied. Walmart need not answer these averments as they are directed toward another party.

**WHEREFORE**, Defendants, Walmart Supercenter, Wal-Mart Stores East, Inc., Wal-Mart Stores, Inc., Wal-Mart, Inc., and Wal-Mart Stores East, LP hereby demand judgment in their favor and against Plaintiff, together with costs and attorneys' fees in this matter.

## COUNT III
## PLAINTIFF, JOSEPH GODFREY v. DEFENDANT JOHN DOE #2 (contractor) ONLY

39.    Walmart hereby incorporates by reference the preceding paragraphs as though set forth at length herein.

40.    (a) – (j). Denied. Walmart need not answer these averments as they are directed toward another party.

41.    Denied. Walmart need not answer these averments as they are directed toward another party.

42.    Denied. Walmart need not answer these averments as they are directed toward another party.

43.    Denied. Walmart need not answer these averments as they are directed toward another party.

44.    Denied. Walmart need not answer these averments as they are directed toward another party.

45.    Denied. Walmart need not answer these averments as they are directed toward another party.

46.    Denied. Walmart need not answer these averments as they are directed toward another party.

**WHEREFORE**, Defendants, Walmart Supercenter, Wal-Mart Stores East, Inc., Wal-Mart Stores, Inc., Wal-Mart, Inc., and Wal-Mart Stores East, LP hereby demand judgment in their favor and against Plaintiff, together with costs and attorneys' fees in this matter.

## <u>NEW MATTER</u>

47.    Walmart did not breach any duty of care to Plaintiff.

48.    If Plaintiff sustained damages, such damages were caused by the negligence of a third party or parties over which Walmart exercised no control.

49.     If Plaintiff sustained damages, such damages were caused by intervening or superseding events or factors, over which Walmart exercised no control.

50.     If Plaintiff failed to follow the advice and direction of his healthcare providers regarding recommended treatment, then Plaintiff's recovery is barred or reduced by his failure to mitigate damages.

51.     If Plaintiff executed a Release releasing any person or entity from liability arising from the incident described in Plaintiff's Complaint, Walmart is similarly released from any such liability.

52.     If Plaintiff seeks compensatory damages for expenses related to medical tests, medications, and treatment, such damages are reduced by the holding in Moorhead v. Crozer Chester Medical Center, 557 Pa. 630 (1998) to the amounts actually due and payable.

**WHEREFORE**, Defendants, Walmart Supercenter, Wal-Mart Stores East, Inc., Wal-Mart Stores, Inc., Wal-Mart, Inc., and Wal-Mart Stores East, LP hereby demand judgment in their favor and against Plaintiff, together with costs and attorneys' fees in this matter.

MCDONNELL & ASSOCIATES, P.C.

Dated: March 30, 2022                    By:     /s/ Chantal B. Norman
                                                 Patrick J. McDonnell, Esquire
                                                 Attorney I.D. No.: 62310
                                                 Email: pmcdonnell@mcda-law.com
                                                 Chantal B. Norman, Esquire
                                                 Attorney I.D. No. 327625
                                                 Email: cnorman@mcda-law.com
                                                 500 Route 70 West
                                                 Cherry Hill, NJ 08002
                                                 (T) 856.429.5300 (F) 856.310.7900
                                                 *Attorneys for Defendants*

Case ID: 220201606

| | |
|---|---|
| JOSEPH GODFREY | : COURT OF COMMON PLEAS |
| | : PHILADELPHIA COUNTY, PA |
| Plaintiff, | : |
| vs. | : |
| | : |
| WALMART SUPERCENTER, | : |
| WAL-MART STORES EAST, INC., | : |
| WAL-MART STORES, INC. | : FEBRUARY TERM, 2022 |
| WAL-MART, INC. | : NO. 01606 |
| WAL-MART STORES EAST, LP, | : |
| JOHN DOES 1&2, | : |
| | : |
| Defendants. | : |
| | : JURY TRIAL DEMANDED |

## VERIFICATION

I, Tatesha Peterson, hereby verify and state that I am the Coach

of Walmart Store #5891 and that the facts set forth in Defendants' Answer to Plaintiff's Complaint

with New Matter are true and correct to the best of my knowledge, information and belief. I

understand that I make this verification subject to the penalties of 18 Pa. C.S.A. § 4904 relating to

unsworn falsification to authorities.

Dated: 03-29-22

Tatesha Peterson

| | | |
|---|---|---|
| JOSEPH GODFREY | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY, PA |
| Plaintiff, | : | |
| vs. | : | |
| | : | |
| WALMART SUPERCENTER, | : | |
| WAL-MART STORES EAST, INC., | : | |
| WAL-MART STORES, INC. | : | FEBRUARY TERM, 2022 |
| WAL-MART, INC. | : | NO. 01606 |
| WAL-MART STORES EAST, LP, | : | |
| JOHN DOES 1&2, | : | |
| | : | |
| Defendants. | : | |
| | : | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, Chantal B. Norman, Esquire hereby certify that on the 30th day of March 2022, Defendants' Answer to Plaintiff's Complaint with New Matter was filed electronically with the Court and is available for viewing and downloading from the First Judicial District Electronic Filing System. The filed document was served via electronic mail by the First Judicial District Electronic Filing System on the following registered E-Filing User:

Benjamin C. Hoffman, Esquire
CLEARFIELD & KOFSKY
1617 John F. Kennedy Blvd, Suite 355,
Philadelphia, PA 19103
*Attorney for Plaintiff*

Dated: March 30, 2022      By:    /s/ *Chantal B. Norman*

MCDONNELL & ASSOCIATES, P.C.

Chantal B. Norman, Esquire
Attorney ID No.: 327625
Patrick J. McDonnell, Esquire
Attorney ID No.: 62310
*Attorneys for Defendant*

Case ID: 220201606

# EXHIBIT "D"

# Audrey Westerman

| | |
|---|---|
| **From:** | Benjamin  Hoffman <bhoffman@clearfieldlawyers.com> |
| **Sent:** | Monday, May 9, 2022 2:21 PM |
| **To:** | Audrey Westerman |
| **Subject:** | RE: Joseph Godfrey vs. Walmart |
| **Attachments:** | Meds combined.pdf |

Audrey,

██████████████████████████████████████After review, this case clearly has a value in excess of the arbitration limits.  I will be moving this case to Major Jury.  The demand is $150,000.

Best,

Benjamin C. Hoffman, Esquire
CLEARFIELD & KOFSKY
1617 John F. Kennedy Blvd., #355
Philadelphia, PA 19103
(215) 563-6333

---

**From:** Audrey Westerman <awesterman@mcda-law.com>
**Sent:** Monday, May 9, 2022 1:22 PM
**To:** Benjamin Hoffman <bhoffman@clearfieldlawyers.com>
**Subject:** Joseph Godfrey vs. Walmart

Mr. Hoffman,

███████████████████████████████████████████████████████

Thank you,

Audrey Westerman, Esquire
McDonnell & Associates, P.C.
Metropolitan Business Center
860 1st Avenue, Suite 5B
King of Prussia, PA  19406
Phone:   (610)  337-2087
Fax:      (610)  337-2575
E-Mail:   awesterman@mcda-law.com
Website:   www.mcda-law.com



 

1

***This e-mail and any files transmitted with it are confidential and attorney privileged and are intended solely for the use of the individual or entity to whom they are addressed.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution, copying or taking any action in reliance on the contents of this information is strictly prohibited.  Please notify the sender immediately by telephone if you have received this e-mail by mistake and delete this e-mail from your system.   Thank you.***

Audrey Westerman, Esquire
McDonnell & Associates, P.C.
Metropolitan Business Center
860 1st Avenue, Suite 5B
King of Prussia, PA  19406
Phone:   (610) 337-2087
Fax:        (610) 337-2575
E-Mail:  awesterman@mcda-law.com
Website:  www.mcda-law.com





***This e-mail and any files transmitted with it are confidential and attorney privileged and are intended solely for the use of the individual or entity to whom they are addressed.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution, copying or taking any action in reliance on the contents of this information is strictly prohibited.  Please notify the sender immediately by telephone if you have received this e-mail by mistake and delete this e-mail from your system.   Thank you.***

EXHIBIT "E"

FILED
26 MAY 2022 09:54 am
Civil Administration
M. RUSSO

| | |
|---|---|
| JOSEPH GODFREY | : COURT OF COMMON PLEAS |
| | : PHILADELPHIA COUNTY |
| v. | : |
| | : FEBRUARY TERM, 2022 |
| WALMART SUPERCENTER, WALMART | : NO. 1606 |
| STORES EAST INC, WALMART STORES | : |
| INC., WALMART INC, WALMART | : |
| WALMART STORES EAST LP and | : |
| JOHN DOES 1 & 2 | : |

## O R D E R

    **AND NOW**, this      day of      , 2022, upon consideration of the Plaintiff's Motion to Transfer from Arbitration to a Major Jury listing, it is hereby **ORDERED** that Plaintiff's Motion is **GRANTED** and that the above case be transferred from Arbitration to a Major Jury listing. Plaintiff will pay the appropriate fees once this Motion is granted.

                        **BY THE COURT:**

                                                  _____
                                                        **J.**

**Arbitration Date: December 12, 2022**

Case ID: 220201606
Control No.: 22054852

**CLEARFIELD & KOFSKY**
BY: BENJAMIN C. HOFFMAN, ESQUIRE                    Attorney for Plaintiff
Identification Number:  311628
1617 John F. Kennedy Boulevard, Suite 355
Philadelphia, PA 19103
215-563-6333

| | |
|---|---|
| JOSEPH GODFREY | : COURT OF COMMON PLEAS |
| | : PHILADELPHIA COUNTY |
| v. | : |
| | : FEBRUARY TERM, 2022 |
| WALMART SUPERCENTER, WALMART | : NO. 1606 |
| STORES EAST INC, WALMART STORES | : |
| INC., WALMART INC, WALMART | : |
| WALMART STORES EAST LP and | : |
| JOHN DOES 1 & 2 | : |

<u>**PRAECIPE TO TRANSFER FROM ARBITRATION TO MAJOR**</u>

**TO THE PROTHONOTARY:**

Please transfer the above-captioned matter from Arbitration to a Major Listing.

<u>**CERTIFICATION**</u>

I hereby certify that this case was originally filed as an Arbitration matter in the Philadelphia County Court of Common Pleas on February 15, 2022.

I hereby certify that this case exceeds the Arbitration limits and should be transferred to the Major Jury listing.

I further certify that a copy of this Praecipe, indicating the request to Transfer from Arbitration to a Major Listing was served upon all interested parties via e-filing email and/or regular mail.

**CLEARFIELD & KOFSKY**

BY: */s/ Benjamin C. Hoffman*
        **BENJAMIN C. HOFFMAN, ESQUIRE**
        **Attorney for Plaintiff**

Case ID: 220201606
Control No.: 22054852

**CLEARFIELD & KOFSKY**
BY: BENJAMIN C. HOFFMAN, ESQUIRE                Attorney for Plaintiff
Identification Number:  311628
1617 John F. Kennedy Boulevard, Suite 355
Philadelphia, PA 19103
215-563-6333

| | |
|---|---|
| JOSEPH GODFREY | : COURT OF COMMON PLEAS |
| | : PHILADELPHIA COUNTY |
| v. | : |
| | : FEBRUARY TERM, 2022 |
| WALMART SUPERCENTER, WALMART | :  NO. 1606 |
| STORES EAST INC, WALMART STORES: | |
| INC., WALMART INC, WALMART | : |
| WALMART STORES EAST LP and | : |
| JOHN DOES 1 & 2 | : |

### MOTION TO TRANSFER FROM ARBITRATION TO MAJOR JURY

1.      This case arises out of a motor vehicle incident which occurred on March 28, 2020.

2.      As a direct result of the accident, Plaintiff suffered severe and permanent injuries.

3.      Thereafter, Plaintiff instituted this action on February 15, 2022..

4.      This action was originally filed as an "Arbitration" matter.

5.      Through Plaintiff's continuous and ongoing care and treatment it is now clear that Plaintiff has serious and permanent injuries in excess of the $50,000.00 Arbitration limits.

6.      Local procedure provides that the within Motion is the appropriate method to have this matter transferred to a Major Jury listing.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to approve the Motion and allow this case to be transferred from Arbitration to Major Jury.

Case ID: 220201606
Control No.: 22054852

**CLEARFIELD & KOFSKY**


BY: _/s/ Benjamin C. Hoffman_

BENJAMIN C. HOFFMAN, ESQUIRE

4

Case ID: 220201606
Control No.: 22054852

**CLEARFIELD & KOFSKY**
BY: BENJAMIN C. HOFFMAN, ESQUIRE                    Attorney for Plaintiff
Identification Number:  311628
1617 John F. Kennedy Boulevard, Suite 355
Philadelphia, PA 19103
215-563-6333

| | |
|---|---|
| JOSEPH GODFREY | : COURT OF COMMON PLEAS |
| | : PHILADELPHIA COUNTY |
| v. | : |
| | : FEBRUARY TERM, 2022 |
| WALMART SUPERCENTER, WALMART | : NO. 1606 |
| STORES EAST INC, WALMART STORES | : |
| INC., WALMART INC, WALMART | : |
| WALMART STORES EAST LP and | : |
| JOHN DOES 1 & 2 | : |

## MEMORANDUM OF LAW

Plaintiff hereby incorporates the attached Petition as his Memorandum of Law, as though

fully set forth herein.

**CLEARFIELD & KOFSKY**

BY: */s/ Benjamin C. Hoffman*
BENJAMIN C. HOFFMAN, ESQUIRE

Case ID: 220201606
Control No.: 22054852

**V E R I F I C A T I O N**

I, BENJAMIN C. HOFFMAN, ESQUIRE, verify that the statements made in PLAINTIFF'S MOTION TO TRANSFER FROM ARBITRATION TO A MAJOR JURY LISTING are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are subject to the penalties of Title 18 Pa.C.S.A. Section 4904 relating to unsworn falsifications to authorities.

_/s/ Benjamin C. Hoffman_
BENJAMIN C. HOFFMAN, ESQUIRE

Case ID: 220201606
Control No.: 22054852

**CLEARFIELD & KOFSKY**
BY: BENJAMIN C. HOFFMAN, ESQUIRE                 Attorney for Plaintiff
Identification Number:  311628
1617 John F. Kennedy Boulevard, Suite 355
Philadelphia, PA 19103
215-563-6333

| | |
|---|---|
| JOSEPH GODFREY | : COURT OF COMMON PLEAS |
| | : PHILADELPHIA COUNTY |
| v. | : |
| | : FEBRUARY TERM, 2022 |
| WALMART SUPERCENTER, WALMART | : NO. 1606 |
| STORES EAST INC, WALMART STORES | : |
| INC., WALMART INC, WALMART | : |
| WALMART STORES EAST LP and | : |
| JOHN DOES 1 & 2 | : |

## CERTIFICATE OF SERVICE

I, Benjamin C. Hoffman, Esquire, do hereby certify that a true and correct copy of the attached pleading has been duly served upon all interested parties or their counsel via e-filing email and/or U.S. Mail, postage prepaid.

**CLEARFIELD & KOFSKY**

BY: /s/ Benjamin C. Hoffman
BENJAMIN C. HOFFMAN, ESQUIRE

7

Case ID: 220201606
Control No.: 22054852